# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:19-cv-06341-JGB-KES            Date: September 12, 2019

Title: JASPER ERIC LEE JONES v. CHRISTIAN PFEIFFER

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**          Order to Show Cause

       On April 11, 2019, Petitioner Jasper Eric Lee Jones ("Petitioner") constructively filed an application in the Ninth Circuit for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court. (See Dkt. 2.) The Ninth Circuit denied Petitioner's application, because he "has not filed a first habeas petition challenging his Los Angeles County conviction for voluntary manslaughter," and transferred the application to this Court for processing as a habeas petition pursuant to 28 U.S.C. § 2254. (Id.) In other words, the operative Petition (Dkt. 1) is the application filed before the Ninth Circuit in April.

       Under the section of the application requiring Petitioner to set forth his grounds for habeas relief, Petitioner writes: "miscarriage of justice, ineffective assistance of counsel, due process of law, equal protection, SB 1279, SB 1392, SB 1393, SB 1391." (Id. at 3.) Petitioner indicates that his grounds for relief rely on a new rule of constitutional law announced in Weeden v. Johnson, 2014 U.S. Dist. LEXIS 165725 (E.D. Cal. Nov. 26, 2014).[1] (Id. at 4.) Petitioner also indicates that he has newly-discovered evidence that a codefendant confessed to

---

[1] After the district court denied the petitioner's habeas petition in that case, the petitioner appealed to the Ninth Circuit in Weeden v. Johnson, 854 F.3d 1063 (9th Cir. 2017). The Ninth Circuit reversed the judgment of the district court and remanded with instructions to grant the writ, finding that the state court acted contrary to Strickland v. Washington, 466 U.S. 668, 687-88 (1984), in denying petitioner's ineffective assistance of counsel claim. Weeden, 854 F.3d at 1069.

police officers that he comitted the crime.  (Id.)

The Court screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and dismissed the Petition with leave to amend.  (Dkt. 4.)  The Court instructed Petitioner that because the Petition "does not clearly set forth Petitioner's grounds for relief, it fails to comply with the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 2 provides as follows: 'The petition must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]'"  (Id.) (quoting  Rule 2, Rules Governing Section 2254 Cases in the United States District Courts (emphasis added)).  The Court instructed Petitioner to "include in the Petition all his grounds for relief with supporting facts.  For example, instead of just writing 'ineffective assistance of counsel,' Petitioner must state facts specifically setting forth what his attorney did or failed to do."  (Id.)

The Court ordered petitioner to file his First Amended Petition on or before August 27, 2019.  (Id.)  To date, the Court has not received said petition from Petitioner.  Additionally, the Court has no record of Petitioner either filing a request to proceed in forma pauperis ("IFP") or of paying the $5.00 filing fee for the Petition.

IT IS THEREFORE ORDERED that, **on or before October 1, 2019**, Petitioner shall discharge this order to show cause by: (1) filing his First Amended Petition with the Court and (2) either filing an IFP application or paying the $5.00 filing fee.  If Petitioner fails to discharge this Order, then the Court may recommend that the Petition be dismissed.  The Court instructs the Clerk to send Form CV-60P (Declaration in Support of Request to Proceed IFP) to Petitioner with this Order.

                                                                Initials of Deputy Clerk JD