O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER ERIC LEE JONES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | Case No. 2:19-cv-06341-JGB-KES<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE FOR<br>FAILURE TO PROSECUTE AND TO<br>COMPLY WITH COURT ORDERS |

## I.

## BACKGROUND

On April 11, 2019, Petitioner Jasper Eric Lee Jones ("Petitioner")

constructively filed an application in the Ninth Circuit for authorization to file a

second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court.

(See Dkts. 1, 2.) The Ninth Circuit denied Petitioner's application, because he "has

not filed a first habeas petition challenging his Los Angeles County conviction for

voluntary manslaughter," and transferred the application to this Court for

processing as a habeas petition pursuant to 28 U.S.C. § 2254. (Dkt. 2.) The

operative Petition (Dkt. 1 [the "Petition"]) is the application filed before the Ninth

Circuit in April.

On July 29, 2019, the Court dismissed the Petition with leave to amend, instructing Petitioner to include in his First Amended Petition ("FAP") facts supporting the grounds asserted in the Petition by August 27, 2019. (Dkt. 4.) Having received no response from Petitioner, on September 12, 2019, the Court issued an order to show cause ("OSC") requiring Petitioner to file his FAP and either file an in forma pauperis ("IFP") application or pay the $5.00 filing fee by October 1, 2019. (Dkt. 5.) Petitioner never responded.

## II.

## DISCUSSION

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

In this case, Petitioner has failed to comply with Court orders. Because Petitioner has not filed his FAP or IFP Application or $5.00 fee, Petitioner has failed to comply with a Court order. (Dkt. 4.) Petitioner also failed to comply with the Court's OSC. (Dkt. 5.) In fact, Petitioner has not submitted any filing to the Court in over six months, effectively abandoning this action.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d

1217, 1226 (9th Cir. 2006) (quoting <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987)). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Petitioner's action based on failure to prosecute this case and to comply with Court orders. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Petitioner's "noncompliance has caused the action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." <u>Id.</u> This action has been pending since April, but Petitioner has stopped responding. Petitioner has disregarded two Court orders. Petitioner's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. It is Petitioner's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991).

The third factor—prejudice to Defendant—supports dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." <u>Southwest Marine, Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing <u>Moneymaker v. CoBen (In re Eisen)</u>, 31 F.3d 1447, 1452 (9th Cir. 1994)).

The fourth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002).

The fifth factor—availability of less drastic sanctions—favors dismissal. As explained above, Petitioner has effectively abandoned this action. Under these

3

circumstances, the Court is unable to impose a lesser effective sanction.

Because four of five enumerated factors support dismissal, this action is dismissed pursuant to Rule 41(b) and Local Rule 41-1. Local Rule 41-2 provides, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." L.R. 41-2. In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action shall be dismissed in its entirety without prejudice.

## III.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE.


DATED: October 30, 2019

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge